USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/15/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

STACEY JACKSON,

                             Plaintiff,

                -v-

CITY OF NEW YORK and CORIZON
HEALTH, INC.,

                         Defendants.

-------------------------------------------------------------- X

1:15-cv-7519-GHW

MEMORANDUM OPINION
AND  ORDER

GREGORY H. WOODS, United States District Judge:

## I.      INTRODUCTION

Plaintiff Stacey Jackson, proceeding *pro se*, brings this lawsuit against the City of New York and Corizon Health, Inc., alleging that during the time he was detained by the New York City Department of Correction, he was deprived of adequate medical care as he waited for surgery to repair a hernia that was ultimately never provided.  Because Plaintiff fails to adequately allege the requisite elements of a claim for deliberate indifference to serious medical needs under the Eighth Amendment to the United States Constitution, Defendants' motion to dismiss will be granted, but Plaintiff will be given leave to amend the complaint.

## II.     BACKGROUND

Plaintiff filed his complaint on September 22, 2015, Dkt. No. 2, and Defendants moved to dismiss the complaint for failure to state a claim on August 1, 2016, Dkt. No. 35.  In light of Defendants' motion to dismiss, the Court issued an order on August 2, 2016 granting Plaintiff leave to amend his complaint no later than August 31, 2016.  Dkt. No. 41.  The Court's August 2 order advised Plaintiff that, if he did not believe that amending the complaint would cure the alleged

deficiencies presented in Defendants' motion to dismiss, he should instead file an opposition to the motion no later than August 31, 2016.

On August 8, 2016, Plaintiff sent a letter to the Court requesting an extension of the time to file an amended complaint or an opposition to Defendants' motion to dismiss, Dkt. No. 45, and on August 24, 2016, the Court extended this deadline to September 30, 2016, Dkt. No. 46. As of the new deadline, Plaintiff had submitted neither an amended complaint nor an opposition to Defendants' motion to dismiss, and he had not requested a further extension of time to make either filing. Nevertheless, in light of Plaintiff's *pro se* status and given the fact that Plaintiff's mailing address appeared to have changed during the course of this litigation, the Court on September 30, 2016 *sua sponte* extended Plaintiff's time to amend the complaint or oppose Defendants' motion to dismiss, to October 28, 2016. Dkt. No. 47. The September 30 order also stated: "If Plaintiff does not file an amended complaint or opposition to Defendants' motion by [October 28, 2016], the Court expects to decide Defendants' motion in the ordinary course, without the benefit of opposition briefing from Plaintiff." *Id.* To date, Plaintiff has not amended the complaint, nor has he filed an opposition to Defendants' motion to dismiss.

Plaintiff, an inmate at the Collins Correctional Facility at the time he filed the complaint in this case, was detained in the custody of the New York City Department of Correction for some period of time prior to his transfer to state custody.[1] Plaintiff alleges that Corizon Health, Inc.'s ("Corizon") "official position" was that it served as the "medical unit" for the New York City Department of Correction. Compl. at 2. The substantive allegations in the complaint read, in full:

> Since 6/2014 I have been waiting for surgery for a "hernia repair." I've lived in excruciating pain for well over a year. I've repeatedly been to sick call in numerous NYC correctional facilities. I've been to both West Facility and Belvue [sic] Hospital numerous times. My family has even called 311 in attempts to get help for me but all has been to no avail. I am still currently living with the same

---

[1]      At the motion to dismiss stage, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in Plaintiff's favor. *Chambers v. Time Warner, Inc.* 282 F.3d 147, 152 (2d Cir. 2002).

condition—suffering, with the hope that the NYS docs will help me with this medical condition.

Compl. at 5. Plaintiff asserts that the constitutional basis for his claim under 42 U.S.C. § 1983 is "violation of the Eighth Amendment right to medical care," *id.*, which the Court construes as a claim for deliberate indifference to serious medical needs under the Eighth Amendment to the United States Constitution.

## III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).

Furthermore, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts are to "liberally construe pleadings and briefs submitted by *pro se* litigants . . . reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). "[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

## IV.    DISCUSSION

### A.  Liability

The only two defendants named in Plaintiff's complaint are the City of New York and Corizon.  Plaintiff has not named any individual defendants.  It is well-established that the City of New York, as a municipality, may only be held liable under 42 U.S.C. § 1983 where a constitutional deprivation is inflicted pursuant to an official policy or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipalities may be held liable under § 1983 claims "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.").  Similarly, while Corizon is a private entity, because it provided medical services for the New York City Department of Correction and is being sued as such a service provider, it "enjoys the benefit of the *Monell* requirements" and "in this context, is the functional equivalent of the municipality." *Bess v. City of New York*, No. 11-cv-7604 (TPG), 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013) (collecting cases); *see also Mercado v. City of New York*, No. 08-cv-2855 (BSJ) (HP), 2011 WL 6057839, at *7 n.10 (S.D.N.Y. Dec. 5, 2011) ("Corporate entities . . . are treated the same as a municipality when performing the public function of running a jail.").

In order to state a claim for municipal liability, a plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subject to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.3d 393, 397 (2d Cir. 1983)).  Therefore, in order to state a claim against either the City of New York or Corizon, Plaintiff must, among the other requirements stated in *Zahra*, adequately allege the denial of a constitutional right.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[None] of our cases authorize[] the award of damages against a municipal corporation based on the actions of one of its officers . . . [i]f a person has suffered no constitutional injury . . . ."); *Segal v. City of New York.,* 459

F.3d 207, 219 (2d Cir. 2006) (where "district court properly found no underlying constitutional violation," it was not necessary to consider claims of municipal liability under *Monell* ); *Levy v. Alfano,* 47 F.Supp.2d 488, 498 (S.D.N.Y. 1999) ("It is well settled that a municipality may not be held liable where there is no underlying constitutional violation by a municipal official.") (citation omitted).

"A convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care . . . arises from the Eighth Amendment's prohibition of cruel and unusual punishment." *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (internal quotation marks omitted). Crucially, "not every lapse in medical care is a constitutional wrong. Rather, a prison official violates the Eighth Amendment only when two requirements—one objective and one subjective—are met." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citation and internal quotation marks omitted). "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (citations omitted). This standard "contemplates 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1999) (quoting *Hathaway*, 37 F.3d at 66). Second, the defendant "must act with a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66. "Deliberate indifference is a mental state equivalent to subjective recklessness," and "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Salahuddin*, 467 F.3d at 280). Thus, in order to state a claim for deliberate indifference to his serious medical needs, a plaintiff must allege that the defendant "knew of and disregarded an excessive risk to [plaintiff's] health or safety and that she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." *Caiozzo*, 581 F.3d at 72 (quoting *Farmer v. Brown*, 511 U.S. at 825, 837 (1994) (alterations and internal quotation marks omitted)).

The Court need not determine whether the failure to provide hernia repair surgery under the

circumstances alleged in the complaint is a "sufficiently serious" medical deprivation, because the complaint is devoid of any allegations with respect to the subjective prong of Plaintiff's Eighth Amendment claim.  The complaint fails to allege that any official acted with the requisite culpable state of mind.  Plaintiff therefore has not stated a claim for a violation of the Eighth Amendment and his claims against the City of New York and Corizon must fail because, as discussed above, a plaintiff cannot state a claim for municipal liability where no underlying constitutional violation has been sufficiently alleged.  Accordingly, Defendants' motion to dismiss must be granted, and Plaintiff's claims against the City of New York and Corizon must be dismissed for failure to state a claim.

As noted above, a plaintiff seeking to establish municipal liability must also allege the existence of an "official policy or custom" pursuant to which his constitutional rights were violated. Given that Plaintiff's complaint must be dismissed for failure to adequately plead the elements of his claim, the Court need not reach the question whether Plaintiff has adequately alleged the existence of such a policy or custom.  Nonetheless, the Court observes the absence of any allegations in the complaint suggesting that such a policy or custom exists.

### B.  Leave to Amend

"A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (brackets, internal quotation marks, and citation omitted).  Moreover, the Court is mindful that "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)).  Thus, the Court grants Plaintiff leave to amend the complaint to and cure any deficiencies, no later than 30 days

from the date of this order.  Plaintiff is warned that if he does not amend the complaint within this time period, this case will be closed.

### C.  State Law Claims

Under 28 U.S.C. § 1367(c)(3), the exercise of supplemental jurisdiction over a plaintiff's state law claims is within the Court's discretion if it has "dismissed all claims over which it has original jurisdiction."  The Second Circuit counsels against exercising supplemental jurisdiction in such a situation: "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)).  Here, it is not clear whether Plaintiff intends to raise any state law claims in addition to his federal constitutional claim for deliberate indifference to serious medical needs.  To the extent that the complaint can be construed to raise state law claims, the Court declines to exercise supplemental jurisdiction over those claims, and those claims will be dismissed without prejudice.

## V.    CONCLUSION

Defendants' motion to dismiss is GRANTED.  Plaintiff is given leave to file an amended complaint no later than 30 day from the date of this order.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 35.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff Stacey Jackson, along with copies of the unpublished decisions cited herein.

SO ORDERED.

Dated: November 15, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge

7